In the Matter of the Application of CORRADO BANDANZA, Petitioner, for a Peremptory Order of Mandamus.

Supreme Court, New York County, July 20, 1928.

Corporations — membersh p corporations — mandamus to compel reinstatement of secretary — petitioner received notice of special meeting at which he was suspended — notice did not comply with by-laws requiring statement of specific purpose — petitioner was improperly suspended — special meeting had no jurisdiction — refusal of corporation to arbitrate on demand of petitioner was not justified — petitioner reinstated — under Civil Practice Act, §§ 1317 and 1334, final order in mandamus must be made by Special Term.

The petitioner was the secretary of the respondent membership corporation. He was suspended at a special meeting which he did not attend. While he received notice of the special meeting, the notice did not comply with the by-laws which require that it shall state the specific object of the meeting. The notice simply stated that the meeting was called for " very important business." Therefore, as the notice did not comply with the by-laws, the respondent corporation did not acquire jurisdiction to try the petitioner on charges, and his suspension was illegal.

The refusal of the respondent after the suspension to refer the matter to arbitrators upon demand by the petitioner and in compliance with the by-laws, was unjustified and this constituted a further violation of the by-laws.

The petitioner is entitled to a peremptory mandamus order reinstating him to his position as secretary, but since under sections 1317 and 1334 of the Civil Practice Act the court at Trial Term is without power to grant a final mandamus order, but must make a decision returnable to the Special Term where the final order must be made, findings of fact and conclusions of law are directed to be prepared and upon the signing thereof either party may move at Special Term for a final mandamus order.

MANDAMUS proceeding to compel reinstatement of one Bandanza as secretary of the Societa di Mutuo Soccorso Lingi Capuana.

*Samuel Mazzola*, for the petitioner.

*Frank J. Rinaldi*, for the respondent.

TOWNLEY, J. This is a proceeding brought by the petitioner for a peremptory mandamus order, reinstating him to the office of secretary of the respondent society and restoring him to all his rights, privileges and benefits as such member and officer. At Special Term an alternative mandamus order was granted, requiring trial of the issues which were had before the court, both sides waiving a jury.

The evidence satisfactorily establishes that the petitioner was secretary of the respondent society, a fraternal benefit society, and that at a meeting held on November 13, 1927, a controversy arose

between him and the president, resulting in his temporary suspension as secretary. Thereafter, and on November fifteenth, a notice signed by the president and by the secretary *pro tem* is claimed to have been sent to the petitioner, who denies its receipt, notifying petitioner that he had been " placed under charges, and you are notified to be present at a special meeting to be held at the usual place, 210 East One Hundred and Fourth street, Harlem Terrace Hall, at 8:30 P. M., on November 21, 1927, at which time there will be given you an opportunity to defend yourself upon such charges and offer such defense or explanation as you may think necessary."

Article 47 of the by-laws of the society contains a provision requiring two days' notice of all special meetings, and that such special notice " shall specify the object of the meeting, and at said meeting only the matters stated can be the subject of discussion." The notice of this special meeting stated: " You are requested to be present at a special meeting, which will be held 21st inst. at 8 P. M. at the usual place, 210 East One Hundred and Fourth street, Harlem Terrace Hall, for very important business."

The petitioner failed to attend the special meeting held November 21, 1927, and took no part in its proceedings, and at that special meeting the petitioner was suspended for six months from November 13, 1927. Thereafter, and on December 23, 1927, the petitioner wrote to the society referring to his suspension, saying, among other things: " I hereby demand the appointment of arbitrators, to be composed of three disinterested persons, in accordance with articles 226, 227 and 228 of Lo. Statuto e Regolamento of our Society."

In this letter petitioner also inclosed a money order for the arbitration fee fixed by the by-laws. These by-laws in substance provided that any member who believed himself deprived of his rights, or who is convicted through a regular proceeding of the directive council, and who is not satisfied with its decision, shall have the right to appeal to a board of arbitration, to be composed of three members chosen by the assembly, upon depositing a fixed sum with the treasurer. Again, and on January 9, 1928, the petitioner wrote to the society, referring to his prior communication, and again demanding the appointment of arbitrators. The society replied in a communication dated January 17, 1928, and signed by its president and secretarial correspondent, declining arbitration and returning to the petitioner his two letters and his money order.

After a careful consideration of the evidence I am convinced and find that the letter of November 15, 1927, the receipt of which the petitioner denies, was in fact received by him. I consider that the notice of the special meeting to be held November 21, 1927, which merely stated " very important business " would be transacted, is

not a compliance with article 47 of the by-laws or regulations of the society, in that it fails to state distinctly the specific purpose or object of the meeting. After notice of his suspension the petitioner complied with the applicable provisions of the by-laws of the society in respect to arbitration, and the refusal by the society to arbitrate cannot be justified, and must be held to be a violation and not in accordance with such by-laws or regulations. The society, not having given a proper notice of special meeting in accordance with article 47 of the society's by-laws and regulations, the special meeting of November 21, 1927, was without jurisdiction or authority to try the alleged charges against the petitioner and impose any sentence of suspension upon him. From the facts established at the trial, as above stated, I am of opinion that the petitioner is entitled to a peremptory mandamus order for the relief prayed for in his petition.

Since, under the provisions of sections 1317 and 1334 of the Civil Practice Act, the court at Trial Term is without power to grant a final mandamus order, and after trial of the issues must make a decision to be returned to Special Term, where the final order must be made, I direct that findings of fact and conclusions be presented upon two days' notice, and upon the signing of the same either party may move at Special Term for a final mandamus order based upon the said findings of fact and conclusions.

Proceed accordingly.